UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



ANTONIO LATIMER, et al.,

        Plaintiffs,

vs.

FLORIDA HIGH SCHOOL ACTIVITIES
ASSOCIATION, INC., et al.,

        Defendants.
_____/

CASE NO. 98-2163-CIV-MORENO
Magistrate Judge Brown

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS', FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION AND RONALD DAVIS, MOTION TO DISMISS

Plaintiffs, ANTONIO LATIMER, STEVEN BLAKE, THADDEUS AMBROSE, DAMION FRAY, by and through his legal guardian, ROMA NICHOLAS, UDONIS HASLEM, CORNELIEUS WRIGHT, by and through his mother and next friend, MARY GAINES, JULIUS EPPINGER, by and through his legal guardian, ARTIS EPPINGER, JEMEL DAVILA, by and through his father and next friend, JULIO DAVILA, JOEL DAVILA, by and through his father and next friend, JULIO DAVILA, MARCUS BARNES, by and through his mother and next friend, LINDA BARNES, CLARENCE BROWN, JR., by and through his father and next friend, CLARENCE BROWN, SR., JAVIER CUENCA, by and through his father and next friend, FIDEL CUENCA, JAVORIE WILSON, by and through his mother and next friend, MARSHA WILSON, WINSOME FRAZIER, by and through his mother and next friend, BARBARA FRAZIER, CHARLES FRAZIER, by and through his mother, BARBARA FRAZIER, DANIEL DIEDONNE, by and through his mother and next friend, IDUCIA PETIT-FRERE and MICHAEL OLIVA by and through his mother and next friend, EMILIA OLIVA, file this Memorandum of Law in Opposition to Defendants', Florida High School Activities



1
**JOHN H. RUIZ, P.A.**
198 NW 37th Avenue, Miami, Florida 33125 (305) 649-0020

Association ("FHSAA") and Ronald Davis, Commissioner of the FHSAA, Motion to Dismiss, and in support thereof states as follows:

## I. FACTUAL BACKGROUND

This lawsuit arises out of a dispute between the Plaintiffs and the Defendants, VICTOR LOPEZ, JR., the Principal of Miami Senior High School, the Florida High School Athletic Association ("FHSAA"), the body governing interscholastic high school athletics in Florida, the Greater Miami Athletic Conference ("GMAC"), the body governing interscholastic high school athletics in Miami-Dade County, WAYNE STORY, the Executive Secretary of the GMAC, and RONALD N. DAVIS, the Commissioner of the FHSAA, over charges that individuals associated with Miami Senior High School used undue influence and/or special inducement to encourage prospective students to attend or remain at Miami Senior High School for the purpose of participating on the 1997-98 Miami Senior High School Basketball Team.

Both the FHSAA and GMAC allege that undue influence and special inducements in the form of housing assistance was given to and accepted by Plaintiffs, UDONIS HASLEM, ANTONIO LATIMER, STEVEN BLAKE and DAMION FRAY. Additionally, the FHSAA alleges that THADDEUS AMBROSE was provided with undue influence and special inducements in the form of housing assistance and tutoring. As a result of the FHSAA and GMAC allegations, the 1998-99 Miami Senior High School Basketball Team has been penalized.

## II. STANDARD OF REVIEW

A motion to dismiss is only granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When considering a motion to dismiss, all well pled allegations of the complaint must be taken as true and construed favorably to the pleader.

*Schuer v. Rhodes*, 416 U.S. 232 (1974). The Court is limited to the four corners of the complaint when considering a motion to dismiss. *Milburn v. United States*, 734 F.2d 762 (11th Cir. 1984).

### III. ARGUMENT

A. **Contrary to the Defendants' assertions the Plaintiffs have standing to pursue the present cause of action since the FHSAA has denied the Plaintiffs the basic procedural due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and deprived these student-athletes the specific rights granted to them by Florida Statute §232.61.**

The due process clause of the Fourteenth Amendment of the United States Constitution prohibits state action, the effect of which is to "deprive any person of life, liberty, or property without due process of law." *Goss v. Lopez*, 419 U.S. 565, 572 (1975). In *Board of Regent v. Roth*, 408 U.S. 564 (1972), the Supreme Court stated that to have a property interest, a person must have "a legitimate claim of entitlement" to a benefit or a relationship. *Id.* at 577. "Property Interest ... are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understanding that stand from independent source such as state law." *Id. See also, Rucker v. City of Ocala*, 684 So.2d 836 (Fla. 5th DCA 1997).

Once government deprives a person of an entitlement, the appropriate procedures that are required are governed by the Federal Constitutional Law of Due Process. State-established procedures are satisfactory only if they conform to the requirements of due process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).

The Defendants argue that the Plaintiffs have no standing because the opportunity to participate in interscholastic athletic activities is not a constitutionally protected right or privilege. The Defendants are mistaken because the opposite is true.

In the case at bar, the Florida Legislature has stated that all students in public high schools shall be eligible to participate in athletic competition for the school in which he or she

first enrolls each school year, or makes himself or herself a candidate for an athletic team by engaging in a practice prior to enrolling in any member school. Fla. Stat. §§232.60 and 232.61 (1997). Furthermore, the student shall be eligible in that school so long as he or she remains enrolled in that school. Fla. Stat. §232.61 (1997). Accordingly, the students are entitled to play sports in the high school in which the student first enrolls each school year. Therefore, the Plaintiffs have a right to participate in athletic competition, but the FHSAA refuses to allow them to participate in post-season play, thereby, restricting their participation in athletic competition even though they have a right to play. In essence, Fla. Stat. §232.61 requires that students be eligible to participate in interscholastic sports and further requires that an appellate procedure be available for recruiting violations. Notwithstanding, the specific mandates of Fla.Stat. §232.61, the Defendants contend that students have no right to participate in interscholastic sports. The Legislature of this State disagrees.

**B.      Plaintiffs have stated a claim upon which relief can be granted.**

Plaintiffs claims are two-fold: (1) that the Plaintiffs who were ruled ineligible were not afforded procedural and substantive due process; and (2) that the findings of the FHSAA are in direct contravention of the Fla. Stat. §232.61. On a motion to dismiss, the court must look within the four corners of the complaint to determine whether a claim exists that has been properly pled.

Plaintiffs' claim is predicated on existing Florida Law that Plaintiffs rights were violated. Whether or not the evidence supports the allegations made by Plaintiffs is a matter of proof and not a matter of pleading, and, therefore, not subject to attack on a motion to dismiss. Based on the foregoing, Defendants' Motion to Dismiss must be denied.

**WHEREFORE**, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss.

Respectfully Submitted,

John H. Ruiz, Esquire
Florida Bar No. 928150
Luisa M. Linares, Esquire
Florida Bar No. 091634
JOHN H. RUIZ, P.A.
Ruiz Law Centre
198 N.W. 37th Avenue
Miami, Florida 33125
(305) 649-0020

By: _____
John H. Ruiz, Esq.

By: _____
Luisa M. Linares, Esq.

and

Frank Quintero, Jr., P.A.
Frank Quintero, Esquire
Florida Bar No. 399167
815 Ponce de Leon Blvd.
Coral Gables, Florida 33134
(305) 446-0303

By: _____
Frank Quintero, Jr., Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to: Leonard Ireland, Esquire, Clayton & Johnston, P.A., P.O. Box 23239, Gainesville, Florida 32602, Attorney for FHSAA and Ronald Davis; and Carlos Mustelier, Esquire, School Board Attorney's Office, 1450 NE 2nd Avenue, Suite 400, Miami, Florida, 33132, Attorney for GMAC, Wayne Story and Victor Lopez, Jr. by U.S. Mail and Facsimile this 15th day of October, 1998.

_____
JOHN H. RUIZ, ESQUIRE